# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH,<br>  Petitioner, | Case No. 1:12-cv-425 |
| | Spiegel, J. |
| vs. | Bowman, M.J. |
| WARDEN, TOLEDO<br>CORRECTIONAL INSTITUTION,<br>  Respondent. | **REPORT AND<br>RECOMMENDATION** |

Through counsel, petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion to hold his habeas petition in abeyance pending the exhaustion of several of his claims in state court. (Doc. 9). Respondent has filed a response in opposition to petitioner's motion. (Doc. 13).

On May 25, 2012, through counsel, petitioner filed his federal habeas petition. (Doc. 1). Therein, petitioner raised the following seven grounds for relief:

> **First Ground for Relief**: A *Brady* due process violation and a Sixth Amendment violation of Smith's Right to trial by jury and to confront all witnesses occurred when the State failed to disclose the lab notes from the DNA tests conducted prior to trial. The defense DNA expert's testimony at the August 11, 2009 hearing demonstrated the exculpatory nature of the lab notes, which were specifically requested prior to trial yet never disclosed.
>
> **Second Ground for Relief**: The trial court's factual conclusions underlying the decision to convict Smith and deny his Motion for New Trial materially varied from the State's theory enunciated the Indictment and Bill of Particulars in Violation of Smith's Fifth, Sixth, and Fourteenth Amendment Rights and Article 1 Sections 10 and 14 of the Ohio Constitution.
>
> **Third Ground for Relief**: The trial court erred in violation of Smith's due process rights by sustaining his conviction against the manifest weight of the evidence, and based on facts not in the record.
>
> **Fourth Ground for Relief**: The trial court's biased conduct denied Smith of his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial by an impartial judge.
>
> **Fifth Ground for Relief**: In violation of Smith's Fifth and Fourteenth Amendment

1

rights, the trial court used Smith's decision not to testify in his own defense against him by stating that the court could not understand the defense's theory without hearing Smith testify.

**Sixth Ground for Relief**: The trial court violated Smith's Sixth Amendment right to confront all witnesses and evidence against him by interjecting personal knowledge and facts not in the record as a basis to vouch for the State's key eyewitness, render the guilty verdict, and sustain the conviction following Smith's Motion for New Trial and Hearing on same.

**Seventh Ground for Relief**: Appellate counsel rendered ineffective assistance in violation of Smith's Sixth Amendment right by failing to properly raise and exhaust the First, Second, Third, Fifth, and Sixth Grounds for Relief presented in this petition.

(Doc. 1, Appendix F).  In the petition, petitioner indicates that he was precluded him from properly raising and exhausting many of the claims presented due to the ineffective assistance of counsel.  He further states that the unexhausted claims were "in the process of being exhausted in a state post-conviction petition being filed within 45 days of the filing of this federal habeas petition."  *Id.*

On July 7, 2012, petitioner filed a motion to hold his petition in abeyance pending the exhaustion of his claims in state court.  (Doc. 9).  In the motion, counsel for petitioner indicates that counsel filed "a state post-conviction petition pursuant to Ohio Rev. Code § 2953.21 and the *Schlup v. Delo* actual innocence gateway, raising the issues that appellate counsel failed to raise throughout Smith's state appellate process, so as to properly exhaust the issues for federal review in the timely filed habeas petition."  *Id.* at 6-7 (internal citation omitted).  Petitioner notes that his post-conviction petition is currently pending in the Ohio Court of Appeals.  If unsuccessful in the appeals court, petitioner indicates that he will file a memorandum in support of jurisdiction to the Ohio Supreme Court prior to the 45-day deadline in order to expedite his appeal and ensure that any stay granted in this matter will be brief.  *Id.* at 13.

The Hamilton County Clerk of Court online docket indicates that petitioner filed a

post-conviction petition in the Hamilton County Court of Common Pleas on June 15, 2012.[1] The petition was denied by the state trial court on June 20, 2012. On July 10, 2012, petitioner filed an appeal to the Ohio Court of Appeals from the trial court's denial of his post-conviction petition. (Doc. 12, Ex. 45). The Ohio Court of Appeals placed petitioner's appeal on the court's accelerated calendar and the appeal is currently scheduled for a hearing on the merits on March 20, 2013.[2] (Doc. 12, Ex. 47).

On October 5, 2012, petitioner also filed an application to reopen his appeal pursuant to App. R. 26(B).[3] The Ohio Court of Appeals denied the application on November 19, 2012. Petitioner filed a notice of appeal to the Ohio Supreme Court, where his appeal remains pending.

On October 18, 2012, respondent filed a response in opposition to petitioner's motion to hold his petition in abeyance and a return of writ arguing that the petition should be denied. (Docs. 12, & 13). According to respondent, Grounds One, Two, Three, Four, Five and Six are procedurally defaulted because petitioner failed to present any of the claims to the Ohio Supreme Court.[4] (Doc. 12, pp. 12-13). Ground Seven, respondent argues, is partially defaulted to the extent that the ground for relief raises claims that were not presented in petitioner's application to reopen or subsequent appeal to the Ohio Supreme Court. *Id.* at 22. With regard to petitioner's motion to hold his petition in abeyance, respondent contends that petitioner has already exhausted his state court remedies and that he is barred from bringing any claims not raised in the state courts by the doctrine of res judicata. (Doc. 13, p. 2). Respondent also argues that petitioner cannot

---

[1] Found at www.courtclerk.org under Case No. B-0708978.

[2] Found at www.courtclerk.org under Case No. C 1200491.

[3] Found at www.courtclerk.org under Case No. C 0900645.

[4] Respondent further argues that a delayed direct appeal to the Ohio Supreme Court would be futile given the substantial time lapse between the end of petitioner's direct appeal and any delayed appeal. *Id.* at 14. Respondent indicates that petitioner's direct appeal ended on March 29, 2011, following two remands to the state trial court for resentencing. *Id.*

meet the factors set out in *Rhines v. Weber*, 544 U.S. 269 (2005), which the Court must assess in determining whether to stay the petition. *Id.* at 2-3.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,*

4

455 U.S. 509, 510, 522 (1982).

After the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) adopted a "stay-and-abeyance" procedure to ensure habeas review would not be precluded in the class of cases where a timely-filed federal habeas petition was dismissed on exhaustion grounds and petitioner subsequently returned to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims were time-barred. *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[5]

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455

---

[5] The stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001). In *Duncan,* the Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that serves to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurring opinion, Justice Stevens indicated that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggested that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28,

6

2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, the undersigned recommends that the petition should be stayed so that petitioner may fully exhaust his claims in the Ohio courts. Through counsel, petitioner has argued that he was prevented from exhausting his state court remedies prior to filing the instant petition because of the ineffective assistance of counsel. As noted above, petitioner has two actions pending before the Ohio courts, both presenting unexhausted claims to the Ohio courts,

7

with a hearing on the merits of his post-conviction petition scheduled for March 20, 2013. At this point in the proceedings, the Court cannot conclude that all of petitioner's claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Furthermore, if the Court were to dismiss the mixed petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here would be subject to dismissal on statute of limitations grounds.[6]

Accordingly, in sum, after weighing the *Rhines* factors, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that petitioner's motion (Doc. 9) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active

---

[6] Under 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, it appears petitioner's judgment became final on April 25, 2011, after the expiration of the 45-day filing period during which petitioner could have appealed to the Ohio Supreme Court from the appellate court's March 11, 2011 denial of petitioner's appeal of his resentencing. During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" application for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2). In this case, the limitations period was tolled from April 25, 2011 until May 25, 2011, during the pendency of petitioner's appeal from the Ohio Court of Appeals' denial of his 26(B) application. (*See* Doc. 12, Ex. 41). The limitations period ran for exactly 365 days, from May 26, 2011 until May 25, 2012, when petitioner filed the instant habeas petition.

docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.* *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

---

[7] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH,<br>    Petitioner, | Case No. 1:12-cv-425 |
| vs. | Spiegel, J.<br>Bowman, M.J. |
| WARDEN, TOLEDO<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).