UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | : | Case No. 1:12-cv-425 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| WARDEN, TOLEDO | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 80)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Michael R. Merz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 29, 2016, submitted a Report and Recommendations.  (Doc. 80).  The Petitioner filed extensive objections. (Doc. 84).

First, Petitioner argues that he satisfied the *Schlup v. Delo* actual innocence/miscarriage of justice exceptions for excusing procedural defaults.  513 U.S. 298 (1995).  Specifically, Petitioner maintains that the new evidence: (1) changes the landscape of evidence in his case; and (2) reasonable jurors would not convict in light of this new evidence.  The Court disagrees.  The test under *Schlup* is that "no reasonable juror" would have found the defendant guilty.  *Id.* at 329.  For the reasons articulated by

the Magistrate Judge, the new evidence does not persuade this Court that <u>no</u> reasonable juror would have convicted Petitioner had the new evidence been presented at trial. (*See* Doc. 80 at 17-18).

<u>Second</u>, Petitioner argues that the Court should have addressed the merits of his case. Specifically, Petitioner takes issue with the fact that the Report and Recommendations dismissed the statements made by the trial judge after he heard Petitioner's new evidence. However, as the Magistrate Judge articulated, Judge Ruehlman's comments regarding the new evidence are irrelevant because the test under *Schlup* is based on a hypothetical juror, not a judge as trier of fact. (Doc. 80 at 17). Moreover, Judge Ruehlman said "you <u>might</u> have an argument if you're trying the case to a jury." (Doc. 12-11 at PageID 1580) (emphasis added). Judge Ruehlamn's comment does not conclude that no reasonable juror would have found the defendant guilty. Despite Petitioner's assertions to the contrary, Judge Ruehlman did not find that the new evidence exculpated Petitioner as the guilty party.

<u>Third</u>, Petitioner argues that his grounds for relief are not procedurally defaulted and should be reviewed on the merits. For the reasons articulated by the Magistrate Judge, this argument fails. (*See* Doc. 80 at 10-18).

<u>Fourth</u>, Petitioner argues that the ineffective assistance of appellate counsel claim is properly before this Court and should be: (1) reviewed on the merits in its entirety; and (2) considered to establish "cause and prejudice" to excuse any procedural defaults. Ohio law requires ineffective assistance of appellate counsel claims to be brought in a petitioner's first and only application for reopening the direct appeal. Since this claim

2

was not presented, it is procedurally defaulted except to the extent that Petitioner claims appellate counsel was ineffective for failing to disclose DNA lab notes. However, this alleged error was decided on the merits by the First District Court of Appeals, which found that it would not have changed the result of the appeal. (*See* Doc. 80 at 22). Since the First District's decision is neither contrary to nor an objectively unreasonable application of *Strickland v. Washington*, it is entitled to deference by this Court under 28 U.S.C. Section 2254(d)(1). 466 U.S. 668.

Moreover, Petitioner's second application to reopen the direct appeal was improper under Ohio law. Ohio allows an individual defendant only one 26(B) application. App. R. 26(B) ("there is no right to file successive application for reopening"). Once the issue of ineffective assistance has been raised and adjudicated, *res judicata* bars its relitigation. *State v. Cheren*, 652 N.E. 2d 707 (Ohio 1995).

<u>Fifth</u>, Petitioner argues that because of the procedural defaults caused by ineffective counsel, he has been left without any corrective process. The Court disagrees. Petitioner simply does not qualify for the *Schlup* actual innocence gateway as explained *infra* at 1-2.

In sum, the Court has reviewed the new evidence (Doc. 63 at PageID 2294-2298), and finds that Petitioner does not fall within the narrow class of cases implicating a fundamental miscarriage of justice. *See Sawyer v. Whitley*, 505 U.S. 333 (1992). Accordingly, Petitioner's claim of actual innocence does not pass though the gateway to have his otherwise barred claims considered on the merits. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Finally, Plaintiff argues that should this Court adopt the Magistrate Judge's Report and Recommendations, a certificate of appealability should be issued.  Although this Court disagrees with Petitioner on the procedural and substantive issues, Petitioner's claims are not objectively unreasonable and/or frivolous.  Accordingly, Petitioner may proceed *in forma pauperis* in any appeal that may result.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety.  Accordingly:

1. Petitioner's objections (Doc. 84) are **OVERRULED**; and

2. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

   **IT IS SO ORDERED**.

Date: ___2/8/17____

_____
Timothy S. Black
United States District Judge