UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | : | CASE No: 1:12cv425 |
| Petitioner, | : | JUDGE BLACK |
| v. | : | MAGISTRATE JUDGE MERZ |
| WARDEN, TOLEDO CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**RESPONDENT'S RESPONSE TO THE COURT'S ORDER**

The magistrate judge requested the parties to brief the following issue:

In the Report and Recommendations, the Magistrate Judge recommended Ground One be dismissed for the procedural default of failing to present it to the Ohio Supreme Court on direct appeal (ECF No. 80). The Sixth Circuit appears to have found that this procedural default is excused by the ineffective assistance of appellate counsel…Counsel are requested to brief…in not more than ten pages, whether any direct appeal was taken at all to the Ohio Supreme Court. Since a criminal defendant is not entitled to appointed counsel for such an appeal, it is not clear how counsel's failure at that point could excuse the default.

ECF 111, Order, 10/15/19.

The question as respondent understands it has to do with a direct appeal to the Supreme Court of Ohio only.

There was no direct appeal to the Ohio Supreme Court.

The state Court of Appeals issued its judgment on direct appeal. ECF 75, Judgment Entry, Exhibit 24, Page ID#2579-2584. That decision occurred on May 5, 2010, and vacated the trial court's separate sentences for aggravated robbery and robbery and remanded for sentencing on only one of the offenses. *Id* at Page

1

ID#2583. On July 8, 2010, [entered July 15] the Court of Common Pleas resentenced Smith in accordance with the prior decision of the state Court of Appeals. ECF 75, Judgment Entry: resentence, Exhibit 25, Page ID#2585. Smith through different counsel appealed the July 8, 2010, judgment to the state Court of Appeals. ECF 75, Notice of Appeal, Exhibit 26, Page ID#2588. The appeal challenged the sentence. ECF 75, Brief of Defendant/Appellant, Exhibit 27, Page ID#2589-2597. The same state Court of Appeals then entered its judgment entry on March 11, 2011. ECF 75, Judgment Entry, Exhibit 29, Page ID#2610-2613. There was a question regarding jail time credit that was resolved by the Court of Common Pleas. ECF 75, Entry, Exhibit 30, Page ID#2614. And there the matter remained. The next activity is an Application to reopen. ECF 75, Application, Exhibit 31, Page ID#2615-2627.

Respondent summarized this history in more detail in the Answer/Return of Writ at ECF 12, Answer, Page ID#92-95 and Page ID#99-103 [ending at the point of discussion of prejudice for the procedural default].

If the magistrate judge wishes further clarification on this or any other point, respondent is eager to contribute to the discussion. Perhaps a group phone call with both counsel could streamline counsels' contribution to whatever issues may require further comment.

        Respectfully submitted,

        DAVE YOST (0056290)
        Ohio Attorney General

        <u>s/William H. Lamb</u> (0051808)
        WILLIAM H. LAMB
        Assistant Attorney General
        Criminal Justice Section
        441 Vine Street, 1600 Carew Tower
        Cincinnati, Ohio 45202
        (513) 852-1529
        (877) 634-8140 (FAX)
        william.lamb@ohioattorneygeneral.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2019, respondent's response to the Court's order was filed electronically with the Court. Counsel for Smith may obtain a copy of the response through the Court's electronic filing system.

        <u>s/William H. Lamb</u>
        WILLIAM H. LAMB
        Assistant Attorney General