IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SMITH** : | |
| : | **District Court Case No. 1:12-cv-00425** |
| **Petitioner,** : | |
| : | **Sixth Circuit Case No. 17-3220** |
| v. : | |
| : | |
| **WARDEN,** : | **District Judge Timothy Black** |
| **TOLEDO CORRECTIONAL** : | **Magistrate Judge Michael R. Merz** |
| **INSTITUTION** : | |
| : | |
| **Respondent.** : | |

**PETITIONER'S BRIEFING ON ORDER REGARDING REMAND**

The Magistrate Judge has asked for clarification regarding how appellate counsel's procedural default of the *Brady* claim can be excused by ineffective assistance of appellate counsel since a criminal defendant is not entitled to appointed counsel in a direct appeal to the Ohio Supreme Court.

The answer to this question first requires Petitioner Smith to correct a misunderstanding of facts embedded in the question. There was no direct appeal to the Ohio Supreme Court. But the procedural default is rooted in appellate counsel's failure to raise the *Brady* claim **at all,** even in the direct appeal to the First District. *See* Doc. 75, Exhibit 22; PageID#2537-2556 (direct appeal to the First District Court of Appeals wherein *Brady* claim is entirely omitted). In other words, appellate counsel first failed by failing to raise the *Brady* claim in the direct appeal to the First District. She then also never filed an appeal to the Ohio Supreme Court. However, if she, another attorney, or Petitioner Smith **had** filed an appeal to the Ohio Supreme Court, the *Brady* claim could not have been raised at that point anyway, because it had not been raised in the First District.

1

Consequently, the Rule 26(B) Application to Reopen was filed in the First District and raised, among other issues, appellate counsel's ineffectiveness for failing to raise the *Brady* claim in the direct appeal to the First District Court of Appeals. *See* Doc. 75; Exhibit 31; PageID#2618-2619 (Rule 26(B) Application to Reopen raising ineffective assistance of appellate counsel for failure to raise the *Brady* claim).

Accordingly, the Sixth Circuit's finding that the procedural default of Ground One is excused due to ineffective assistance of appellate counsel rests on appellate counsel's failure to raise the *Brady* claim in the direct appeal to the First District Court of Appeals and **not** her failure to raise the issue in a direct appeal to the Ohio Supreme Court or to otherwise file a direct appeal to the Ohio Supreme Court.

    Respectfully submitted,

    /s/Michele Berry Godsey
    The Law Office of Michele L. Berry, LLC
    Michele L. Berry (0081939)
    114 East 8th Street
    Cincinnati, Ohio 45202
    Tel: (513) 919-5315
    Fax: (513) 376-8752
    mberrylaw2007@gmail.com
    *Counsel for Petitioner Christopher Smith*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Petitioner's Briefing on Order Regarding Remand has been served upon the Respondent through the court's electronic filing system this 30th day of October, 2019.

/s/ Michele L. Berry
Michele L. Berry (0081939)