IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SMITH** : | |
| : | **District Court Case No. 1:12-cv-00425** |
| Petitioner, : | **(On Remand, Sixth Circuit Case No.17-3220)** |
| : | |
| v. : | |
| : | **Judge Timothy Black** |
| WARDEN, : | |
| TOLEDO CORRECTIONAL : | **Magistrate Judge Michael R. Merz** |
| INSTITUTION : | |
| : | |
| Respondent. : | |

**PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Petitioner Christopher Smith hereby responds as follows to the Respondent's Objections to the Magistrate Judge's Report and Recommendations:

The Respondent raises only two objections to the Report and Recommendations: 1) that the Magistrate Judge was required by the Sixth Circuit to decide the ineffective assistance of appellate counsel ("IAAC") claim in addition to the *Brady* claim; and 2) that it would constitute a "manifest injustice" to apply the law of the case doctrine here because the undisclosed lab notes at the heart of the *Brady* claim are not actually "*Brady* material."

Regarding the first point, Respondent argues that the Magistrate Judge was required by the Sixth Circuit to decide the ineffective assistance of appellate counsel ("IAAC") claim in addition to the *Brady* claim. But a petitioner in Smith's position need only prevail on one ground, and once he does, any additional grounds may be deemed moot.

1

The Sixth Circuit's language clearly supports the Magistrate Judge. The Sixth Circuit plainly commanded:

> We therefore remand Smith's *Brady* claim to the district court to consider on the merits. In so doing, the district court is first required to determine whether this claim was 'adjudicated on the merits in state court proceedings.' If it was, the district court must review the adjudication of this claim under the deferential standard required by AEDPA. *Smith v. Warden, Toledo Corr. Inst.,* 780 Fed. Appx. 208, 2019 U.S. App. LEXIS 18196 (6th Cir 2019) (unpublished) at *48-59.

Then, in Footnote 5, the Sixth Circuit explained that it would make sense on remand to decide the *Brady* claim first because it carries a broader and more favorable remedy than the IAAC claim:

> It will likely make sense for the district court to first analyze the *Brady* claim on the merits. The proper remedy for a *Brady* claim would be the granting of a conditional writ of habeas corpus unless the State retries Smith. The proper remedy for a freestanding IAAC claim would be granting a writ of habeas corpus unless the State reopens the appeal. (citations omitted).

The logical import of this suggestion is that if Petitioner prevails on the claim with the broader remedy (e.g., the *Brady* claim), then the second claim, with a narrower remedy (e.g., the IAAC claim), naturally would be rendered moot.

Following the Sixth Circuit's instruction to first decide whether AEDPA deference applies to the *Brady* claim, the Magistrate Judge addressed the *Brady* claim first. The Magistrate Judge concluded that the *Brady* claim had not been adjudicated on the merits in a state court proceeding and therefore is not entitled to AEDPA deference.

The Magistrate Judge then recommended in favor for Petitioner on the merits of the *Brady* claim based on the law of the case doctrine and specific findings already made by the Sixth Circuit regarding all elements of the *Brady* claim. Because the Magistrate Judge found in Petitioner's favor on the *Brady* claim, which carries a broader remedy as noted by the Sixth Circuit, he deemed the IAAC claim moot.

Admittedly, Petitioner has struggled with understanding Respondent's purpose in raising this objection. Petitioner would be entitled to a writ of habeas corpus based on the IAAC claim for the reasons explained in Petitioner's Brief Answering Questions on Remand from the Sixth Circuit Court of Appeals. *See* Doc. 102. But as the Magistrate Judge correctly concluded, regardless of the outcome of the IAAC claim, Petitioner is entitled to a writ on the *Brady* claim. And for this reason, the Magistrate Judge correctly found that the IAAC claim is moot.

Second, Respondent argues that the law of the case doctrine should not apply because of a "manifest injustice." The Respondent's "manifest injustice" claim is grounded in an argument that the lab notes in question do not actually constitute *Brady* material because they do not prove with 100% certainty that Chris Smith could not have, under any circumstances, worn the costume and committed the robbery, and that Charles Allen definitively, with 100% certainty, wore the costume and committed the robbery.

A few points are essential to address this objection. First, the ship has long ago sailed on arguing that the lab notes are not *Brady* material. This matter has been litigated for a decade; the Respondent has presented numerous arguments of this nature over the years; and the Sixth Circuit has now squarely and powerfully rejected them in a unanimous decision. Respondent cannot continue reverberating this point with repetitious arguments that defy the Sixth Circuit's decision.

Second, Respondent's argument would require the U.S. Supreme Court to reconstruct the *Brady* doctrine. The Supreme Court *never* has stated that suppressed evidence must exculpate a suspect with 100% certainty before it constitutes *Brady* material. Or that suppressed evidence must point to an alternative suspect with 100% certainty. Or that it must do both simultaneously as the Respondent now suggests. For more than half a century, since the day *Brady* was decided

3

until today, the doctrine has required only that the suppressed evidence be material, meaning that it raises a reasonable probability of a different outcome (an acquittal). Respondent's argument and its imagined version of *Brady* have no traction according to the actual *Brady* doctrine. There is no nuance for this Court to parse, and the Magistrate Judge acted accordingly.

Third, Respondent's objection amounts to a disagreement with the appellate court. The Sixth Circuit found that the lab notes are *Brady* material. Respondent continues to assert the tired and rejected argument that the lab notes are not *Brady* material, albeit by relying on a flatly incorrect version of the *Brady* doctrine. If a losing party's claim that the ruling court got it wrong could amount to a "manifest injustice," then the law of the case doctrine would cease to exist.

Finally, Respondent suggests that the Magistrate Judge was under a misimpression and thus mistakenly believed that the Sixth Circuit decided the *Brady* claim, leaving nothing to be done on remand but restate the ruling of the Sixth Circuit. But this is a red herring. The Magistrate Judge was fully aware that the Sixth Circuit did not decide the *Brady* claim due to limitations in the Certificate of Appelability, but rather, left it to the district court to decide "in the first instance." Indeed, the Magistrate Judge clearly addressed this issue on pages 7 and 8 of its Report and Recommendation, noting, "[t]he circuit court, **without formally deciding the Brady claim**, reached conclusions on every element of the claim." Doc. 115; PageID#3290 (Report and Recommendations) (emphasis added). The Magistrate Judge explained the Sixth Circuit's findings on each element of the *Brady* claim. *Id.* at PageID#3289-3290. And on pages 8 through 12 of the Report and Recommendations, the Magistrate Judge explained that the Sixth Circuit's findings on the *Brady* elements are binding as the law of the case. *Id.* at PageID#3290-3294. The Magistrate Judge then recognized that the Sixth Circuit, because of restraints in the

Certificate of Appealability, could not make a final pronouncement of a *Brady* violation, but rather, remanded for the district court to take that final step consistent with its opinion. Respondent has offered no compelling or logical reason why the Magistrate Judge should not have complied with the Sixth Circuit mandate.

## **CONCLUSION**

For these reasons, the reasons presented in Petitioner's Brief Answering Questions on Remand from the Sixth Circuit Court of Appeals; the entire record before this Court and the Sixth Circuit Court of Appeals; and the reasons explained by Sixth Circuit Court of Appeals in its Opinion issued on June 18, 2019, this Court should adopt the Magistrate Judge's Report and Recommendations, grant Petitioner Christopher Smith a writ of habeas corpus, and order his release from state custody.

    Respectfully submitted,

    /s/Michele Berry Godsey
    The Law Office of Michele L. Berry, LLC
    Michele L. Berry (0081939)
    114 East 8th Street
    Cincinnati, Ohio 45202
    Tel: (513) 919-5315
    Fax: (513) 376-8752
    mberrylaw2007@gmail.com
    *Counsel for Petitioner Christopher Smith*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing Petitioner's Response to Respondent's Objections to the Magistrate Judge's Report and Recommendations has been served upon the Respondent through the court's electronic filing system this 26th day of November, 2019.

                                              /s/ Michele L. Berry
                                              Michele L. Berry (0081939)