# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | : | Case No. 1:12-cv-425 |
| Petitioner, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Michael R. Merz |
| WARDEN, Toledo Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## ORDER DENYING PETITIONER'S
## EMERGENCY MOTION (Doc. 134)

This habeas case is before the Court on Petitioner's emergency motion to bar retrial (the "Emergency Motion") (Doc. 134), as well as the parties' responsive memoranda (Docs. 136, 137, 138, 145, 152, 154).[1]

## I. BACKGROUND

On April 9, 2020, the Court issued an <u>unconditional</u> writ of habeas corpus, requiring Petitioner's **immediate release** from custody (the "Unconditional Writ"). (Doc. 125). Thereafter, on April 10, 2020, after being informed that Respondent was continuing to hold Petitioner at the Toledo Correctional Institution ("TCI"), the Court issued an Order to Show Cause, and reaffirmed that Petitioner was to be released immediately. (Doc. 132). Despite this Court's Orders, Respondent continued to hold

---

[1] Respondent has filed a motion for leave to reply to Petitioner's sur-reply. (Doc. 153). However, as the Emergency Motion must be denied for the reasons set forth *infra*, the Court finds that no further briefing on the Emergency Motion is required, and accordingly, denies Respondent's motion as moot.

Petitioner in custody and ultimately transferred him to the Hamilton County Justice Center.  (Doc. 134-1 at ¶ 15; Doc. 141 at 1).

On April 13, 2020, Petitioner filed this Emergency Motion, informing the Court that, notwithstanding the Court's Orders, Petitioner remained in custody.  (Doc. 134).  Moreover, Petitioner argued that, "because the State claims that it detains [Petitioner] pursuant to its 'inherent right' to hold him for retrial, the ONLY way this Court can ensure compliance with the Unconditional Writ is to amend the Unconditional Writ to bar retrial."  (*Id.* at 3).

On April 14, 2020, the Court learned that Hamilton County Common Pleas Judge Robert Ruehlman had joined this Court in ordering Petitioner's release.  (Doc. 141 at 1).  Additionally, the Court learned that, notwithstanding the fact that two courts had now issued release orders, and notwithstanding the fact that this Court had invalidated Petitioner's underlying state convictions, not only was Petitioner still being detained, but was scheduled to be returned to TCI.  (*Id.*)  Accordingly, the Court issued a **third** Order, on April 14, 2020 at 7:59 p.m., again requiring Petitioner's immediate release.  (*Id.* at 2).

Following the Court's issuance of this third Order, Petitioner was finally released from custody—a little after 9:00 p.m. on April 14, 2020.

Although Petitioner has been released from custody, his Emergency Motion remains pending before the Court and is now ripe for decision.  (Doc. 134).  As set forth *infra*, the Emergency Motion must be denied.

2

## II.  ANALYSIS

Petitioner argues in his Emergency Motion that, as a result of the misconduct of Respondent and the State, this Court should amend its Unconditional Writ to bar retrial. (Doc. 134).  Petitioner further argues that the Court may grant such relief in order to enforce the Unconditional Writ and may also grant such relief pursuant to Federal Rule of Civil Procedure 60(b).  (*Id*. at 17).

To resolve Petitioner's Emergency Motion, this Court must address: (A) the Court's jurisdiction; (B) the Court's enforcement of the Unconditional Writ; and (C) the applicability of Rule 60(b).

### A.  Jurisdiction

As a threshold matter, the Court must clear up some confusion that seems to exist with regard to its jurisdiction.  On the one hand, Respondent appears to believe that, since the issuance of the Unconditional Writ, the Court has lost jurisdiction to issue any further orders in this matter.  On the other hand, Petitioner appears to believe that, notwithstanding the issuance of the Unconditional Writ and his subsequent release, the Court maintains continuing jurisdiction to revisit its prior rulings based on the ongoing conduct of the parties.  Neither party is correct.

"[B]ecause **a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments**, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010) (emphasis added).  However, the Court does not maintain continuing jurisdiction to

3

monitor the parties' subsequent state proceedings. *Pitchess v. Davis*, 421 U.S. 482, 490 (1975).

In the context of this case, this means that, while the Court had absolute jurisdiction to ensure Petitioner's release and to otherwise enforce full compliance with the Unconditional Writ, and while the Court maintains further jurisdiction to address any noncompliance with the Unconditional Writ by way of contempt proceedings, the Court cannot go back and materially amend the Unconditional Writ to remedy any wrongs that have occurred since its issuance. *See, e.g.*, *Girts v. Yanai*, 600 F.3d 576, 582 (6th Cir. 2010) ("We therefore reaffirm what has always been the case—a district court sitting in habeas has jurisdiction to consider the circumstances that exist up until either the state complies with a conditional writ or the court issues an unconditional writ . . . .").

Thus, Petitioner's Emergency Motion does not seek the type of relief that this Court can grant—rather, he seeks a material amendment of the Unconditional Writ based upon circumstances that occurred after its issuance. (Docs. 134, 152).

**B. Enforcement of the Unconditional Writ**

Next, as Petitioner has finally been released from custody, the argument in the Emergency Motion relating to enforcement of the Unconditional Writ is now moot. The Court issued the Unconditional Writ to secure Petitioner's release from custody on the unconstitutional conviction, in accordance with well-established Sixth Circuit precedent. (*See* Doc. 125); *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009). Yet, in the Emergency Motion, Petitioner argued that the only way for the Court to ensure compliance with the Unconditional Writ is to bar retrial and thereby eliminate the sole

4

basis upon which the State continued to detain him. (Doc. 134 at 3). However, given that Petitioner is no longer being held in custody on the unconstitutional conviction, it is unnecessary to secure his release by barring reprosecution.

### C. Rule 60(b)

Additionally, Petitioner argues that, notwithstanding his release, the Court may still bar his reprosecution, pursuant to Rule 60(b), based on Respondent's and/or the State's misconduct and noncompliance with this Court's Orders. (Doc. 152 at 2–3). But in this case, Rule 60(b) does not permit the relief Petitioner seeks.

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding," if the Court determines that any of the following reasons, as relevant here, apply: "newly discovered evidence"; "misconduct by an opposing party"; when "applying [the judgment] prospectively is no longer equitable"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (3), (5), (6).

While Rule 60(b) has relevant application in the context of habeas proceedings, "[n]either Rule 60(b), 28 U.S.C. [§] 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a [writ of habeas corpus]." *Pitchess*, 421 U.S. at 490.

Rather, Rule 60(b) is a practical rule that allows a court to relieve a party from a judgment, or to amend a judgment as appropriate, under the circumstances enumerated in the Rule's subsections. Fed. R. Civ. P. 60(b). As explained *infra*, none of Rule 60(b)'s potentially relevant subsections afford Petitioner the relief he seeks here.

5

Specifically, Rule 60(b)(2) allows a court to reopen a judgment upon the discovery of new evidence, <u>if the new evidence existed prior to the issuance of the judgment</u>. Fed. R. Civ. P. 60(b)(2); *McFall v. Patton*, No. 99-5709, 2000 WL 1721043, at *2 (6th Cir. Nov. 8, 2000). Here, Petitioner does not ask the Court to bar the State from retrying him based upon the discovery of new evidence that existed prior to the issuance of the Unconditional Writ. (Doc. 152 at 2–3). To the contrary, Petitioner asks the Court to bar the State from retrying him based upon the State's and/or Respondent's failure to comply with the Unconditional Writ <u>after</u> its issuance. (*Id.*) <u>While the noncompliance is extraordinarily concerning</u>, such noncompliance does not constitute new evidence for purposes of Rule 60(b)(2). *McFall*, 2000 WL 1721043, at *2 (confirming that "evidence that came into existence after [a] judgment was entered" cannot be considered under Rule 60(b)(2)).

Next, Rule 60(b)(3) permits relief based upon the misconduct of the opposing party. Fed. R. Civ. P. 60(b)(3). However, here, Rule 60(b)(3) does not apply for the same reasons as Rule 60(b)(2). *See Bey v. Allen*, No. 85-10141, 2007 WL 269532, at *3 (E.D. Mich. Jan. 24, 2007) (confirming that the type of misconduct contemplated by Rule 60(b)(3) is that which "prevented the moving party from fully and fairly presenting his or her case <u>at trial [*i.e.*, prior to issuance of the judgment]</u>." (emphasis added and citation omitted)).

Rule 60(b)(5) permits a court to reopen a judgment where applying the judgment prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(5). "The essential inquiry into the prospective nature of a judgment revolves around 'whether it is executory <u>or involves</u>

the supervision of changing conduct or conditions.'" *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988) (emphasis added)). Here, Rule 60(b)(5) "does not apply because the Court is not engaged in any type of ongoing supervision of the parties." *D'Ambrosio v. Bagley*, 688 F. Supp. 2d 709, 733 n.28 (N.D. Ohio 2010), *aff'd*, 656 F.3d 379 (6th Cir. 2011); *see also Pitchess*, 421 U.S. at 490.

Finally, Rule 60(b)(6) allows a court, in extraordinary circumstances, to grant relief from a judgment upon "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). To be sure, "the district court[] [retains] continuing jurisdiction over its grant of an unconditional writ of habeas corpus pursuant to a Rule 60(b) motion as long as it had jurisdiction to grant the unconditional writ in the first place …." *D'Ambrosio*, 656 F.3d at 388. However, the "other reason" for granting relief in a habeas proceeding cannot be based on "events occurring after the district court granted the unconditional writ and unconnected to the conditional writ [if any]." *Id.* at 389.

Here, Petitioner does not seek relief from the Unconditional Writ based upon events occurring prior to its issuance. (Doc. 152 at 2–3). Rather, Petitioner argues that the events that occurred after the Court issued the Unconditional Writ require the Court to the bar his retrial. (*Id.*) While extraordinary circumstances certainly present in this case,

Rule 60(b)(6) does not permit this Court to materially amend its Unconditional Writ to include additional relief based upon events occurring after its issuance.[2]

### III. CONCLUSION

The Court recognizes that an order barring retrial may be appropriate under certain extraordinary circumstances. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006). And, to be sure, Respondent's and/or the State's refusal to comply with the Unconditional Writ and subsequent Orders is **astounding** to the Court. (*See* Docs. 125, 132, 141). Nonetheless, the Court cannot provide Petitioner with relief that is not available under the Rules. Here, what the Court can do is fully investigate the misconduct relating to Petitioner's release in the context of a **contempt** proceeding before the Court. *See Gall*, 603 F.3d at 352 ("[B]ecause a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction

---

[2] In his sur-reply, Petitioner relies heavily on *D'Ambrosio* in support of his position that Rule 60(b) provides a means for this Court to grant the relief sought. (Doc. 152 at 1, 3). However, as set forth *supra*, *D'Ambrosio* stands for precisely the opposite proposition. In *D'Ambrosio*, the district court granted a Rule 60(b) motion and barred retrial after the issuance of an unconditional writ, <u>based upon facts in existence *prior to* the issuance of the unconditional writ but unknown to the Court at that time</u>, and which facts were relevant and material to the district court's consideration of whether to bar reprosecution in the first place. 656 F.3d at 382–83, 389. However, here, unlike *D'Ambrosio*, Petitioner asks the Court to issue Rule 60(b) relief, barring the State from retrying him, based upon events that occurred after the issuance of the Unconditional Writ. (Doc. 152 at 2–3). This is not proper. *Cf. Pitchess*, 421 U.S. at 490 (confirming that Rule 60(b) does not allow a federal court to "maintain a continuing supervision" over a case after a writ of habeas corpus has issued).

of persons and subject matter.  <u>One who defies the public authority and willfully refuses his obedience, does so at his peril</u>.") (emphasis added).

At the end of the day, section 2254, which governs writs of habeas corpus, "empowers the district court to achieve a single end: to terminate the petitioner's unconstitutional custody."  *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 329 (6th Cir. 2014).  The Court has now achieved that end—Petitioner has been released.  The Court cannot amend its decision to provide the relief Petitioner seeks.

Based upon the foregoing, the Court concludes that Petitioner's Emergency Motion (Doc. 134) must be **DENIED**.[3]

**IT IS SO ORDERED.**

Date:  April 24, 2020

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[3] As a final note, the Court grants Petitioner's motion to strike (Doc. 135), and accordingly the Court strikes the erroneously filed motion (Doc. 133).

9