# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | : | Case No. 1:12-cv-425 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Michael R. Merz |
| WARDEN, Toledo Correctional Institution, | : | |
| Respondent. | : | |

## ORDER GRANTING PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY (Doc. 162)
## AS AMENDED BY THE COURT

This habeas action is before the Court on Petitioner's motion for a certificate of appealability (the "COA Motion") (Doc. 162), as well as Respondent's responsive memorandum (Doc. 163). Upon review, although Petitioner has not yet filed a reply, the Court finds that no further briefing is required and, accordingly, the COA Motion is deemed ripe for decision.

## I. BACKGROUND

On April 9, 2020, the Court issued an unconditional writ of habeas corpus, requiring Petitioner's immediate release from custody (the "Unconditional Writ"). (Doc. 125 at 31). Thereafter, the Court learned that, notwithstanding the issuance of the Unconditional Writ, Petitioner remained in detention. (Doc. 155 at 1–2). Accordingly, the Court was forced to issue two additional Orders to secure Petitioner's release (collectively with the Unconditional Writ, the "Release Orders"). (*Id.*) Petitioner was

ultimately released from custody upon his unconstitutional conviction on April 14, 2020.[1] (*Id.* at 2).

Following the issuance of the Unconditional Writ, but prior to his release, Petitioner filed a Rule 60(b) motion, asking the Court to amend the Unconditional Writ, to bar the State from retrying him (the "Rule 60(b) Motion"). (Doc. 134). Petitioner argued that it was proper for the Court to amend the Unconditional Writ, based on the State Actors' noncompliance with the Court's Release Orders.[2] (Doc. 152 at 2–3).

On April 24, 2020, after extensive briefing, the Court issued an Order denying the Rule 60(b) Motion (the "Rule 60(b) Order"). (Doc. 155). Critical to the Court's decision was the fact that, on the Court's review, the Rule 60(b) Motion requested relief that was unavailable under applicable precedent—that is, the Rule 60(b) Motion asked the Court to amend the Unconditional Writ, based on events that occurred <u>after</u> the Unconditional Writ issued. (*See id.* at 7–8 (citing *D'Ambrosio v. Bagley*, 656 F.3d 379, 388 (6th Cir. 2011))).

---

[1] Respondent and the State (collectively, the "State Actors") claim that they "released" Petitioner from custody on April 10, 2020, when Petitioner was transferred from the Toledo Correctional Institution to the Hamilton County Justice Center. However, this Court rejects the notion that simply transferring Petitioner to a different facility constitutes "release." And, to date, the State Actors have failed to evidence that Petitioner's continued detention (after the issuance of the Unconditional Writ on April 10, 2020 until his actual, physical release from custody on April 14, 2020) was authorized by a lawful, duly issued, and ultimately executed arrest warrant. Thus, by all appearances, as a result of the State Actors' conduct, Petitioner remained unlawfully detained for days, premised on nothing more than his unconstitutional conviction. (*See, e.g.*, Docs. 133-1, 142-1, 142-2, 149-1). In any event, the Court will continue to assess the details surrounding the State Actors' questionable legal gymnastics in the context of contempt proceedings before the Court.

[2] Petitioner also argued that it was proper to bar retrial to enforce the Unconditional Writ. (Doc. 155 at 4–5).

On April 28, 2020, Petitioner filed a motion, asking the Court to reconsider its denial of the Rule 60(b) Motion (the "Reconsideration Motion"). (Doc. 156). On May 5, 2020, the Court issued an Order, denying the Reconsideration Motion (the "Reconsideration Order"). (Doc. 158). And thereafter, on May 6, 2020, Petitioner filed a notice of his intent to appeal both the Rule 60(b) and Reconsideration Orders. (Doc. 159).

Now, Petitioner moves the Court for a certificate of appealability (a "COA"), so that he can proceed with his appeal. (Doc. 162).

## II. STANDARD OF REVIEW

Before a habeas petitioner can appeal a Rule 60(b) motion, the habeas petitioner must obtain a COA. *Gibbs v. Smith*, No. 17-1099, 2017 WL 3397432, at *2 (6th Cir. July 6, 2017) (citing *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010)). To obtain a COA, the habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The habeas petitioner can make such a showing by demonstrating that jurists of reason would find it debatable: (1) "whether the underlying habeas petition states a valid claim of the denial of a constitutional right"; and (2) "whether the district court properly denied the Rule 60(b) motion . . . ." *Kelly v. Hoffner*, No. 16-1743, 2017 WL 6003435, at *1 (6th Cir. Mar. 6, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *accord Bradley v. Smith*, No. 17-5407, 2017 WL 8793324, at *2 (6th Cir. Dec. 11, 2017) ("Because Bradley appeals the denial of his Rule 60(b) motion, he must demonstrate that jurists of reason 'could debate whether . . . [the

3

motion] should have been resolved in a different manner.'" (quoting *Slack*, 529 U.S. at 484) (alterations in original)).[3]

### III. ANALYSIS

In the COA Motion, Petitioner moves the Court to issue a COA, so he can challenge the Court's Rule 60(b) and Reconsideration Orders on appeal. (*See* Doc. 162).

As an initial matter, the Court concludes that the first element identified in *Kelly* is satisfied. *Kelly*, 2017 WL 6003435, at *1. Indeed, in the Decision and Entry issuing the Unconditional Writ, the Court set forth, in great detail, why Petitioner's petition states a valid claim of the denial of a constitutional right. (*See generally* Doc. 125).

Accordingly the key issue remaining before the Court is whether jurists of reason would debate the Court's adjudication of the Rule 60(b) and Reconsideration Motions. *See Kelly*, 2017 WL 6003435, at *1; *see also Slack*, 529 U.S. at 484; *Bradley*, 2017 WL 8793324, at *2.

Petitioner argues that a debatable issue exists. (*See* Doc. 162). Specifically, Petitioner argues that, contrary to the Court's conclusion, under Rule 60(b), the Court had the ability to amend the Unconditional Writ in order to bar retrial, based on events

---

[3] *See also El-Amin v. English*, 790 F. App'x 147, 149 (10th Cir. 2019) ("[T]o obtain a COA, [the petitioner] must show both 'that jurists of reason would find it debatable whether the [§ 2254] petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling' on the Rule 60(b) motion." (quoting *Slack*, 529 U.S. at 484)); *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (concluding that a court will issue a COA on the denial of a Rule 60(b) motion if the petitioner establishes both that "jurists of reason would find it debatable whether the underlying habeas petition . . . states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion").

occurring <u>after</u> the Unconditional Writ's issuance. (*Id.* at 3). Thus, Petitioner asks the Court to certify the following question for appeal (the "proposed COA"):

> Whether the district court retains jurisdiction after issuing an unconditional writ of habeas corpus until the state complies with that writ, and thus can consider circumstances that unfold during the period of non-compliance for purposes of deciding a motion under Civil Rule 60(b) to amend the writ to bar retrial.

(*Id.* at 4).

The Court finds that Petitioner's proposed COA is overbroad. Specifically, Petitioner's proposed COA effectively assumes that if the Court retains jurisdiction for <u>any</u> purpose, that the Court must therefore be permitted to consider post-writ conduct in considering a Rule 60(b) motion to bar retrial. As this Court has noted in prior Orders, there is no question that the Court <u>does</u> retain jurisdiction, following the issuance of an unconditional writ, for several <u>specific</u> purposes. (*See, e.g.*, Doc. 155 at 3–4, 5–8). But there are limits to the Court's consideration of post-writ conduct—for example, the Court does not retain the ongoing jurisdiction to monitor the parties' state court proceedings. (*Id.*)

Nonetheless, the Court concludes that a debatable issue exists as to whether the post-writ misconduct in this case was within the scope of appropriate consideration for Petitioner's Rule 60(b) motion. Thus, the Court will issue a COA accordingly.

## IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** the COA Motion (Doc. 162) but declines to adopt Petitioner's proposed COA. Rather, the Court issues a COA in this case, as follows:

5

> **Whether, in deciding a petitioner's Fed. R. Civ. P. 60(b) motion, which seeks to amend an unconditional writ of habeas corpus in order to bar the State from retrying the petitioner, the Court may consider misconduct that occurred <u>after</u> the Court issued the unconditional writ of habeas corpus, but <u>before</u> the State complied with the unconditional writ of habeas corpus.**

**IT IS SO ORDERED.**

Date: 6/8/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge